**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BERNARD GORDON,

        Petitioner - Appellant,

  v.

C. K. PLILER,

        Respondent - Appellee.

No. 11-17758

D.C. No. 1:04-cv-05363-LJO-DLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 16, 2014[**]
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and SELNA, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James V. Selna, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

Bernard Gordon appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction of robbery and special-circumstance murder involving the use of a firearm. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Gordon argues that the prosecution withheld impeachment evidence relating to the testimony of jailhouse informant Mark Mikles and that it presented false evidence through Mikles's testimony. The California Court of Appeal denied relief, finding that even if the information about Mikles's testimony had been disclosed to the defense, "there is no reasonable probability that the result would have been different." Mikles was thoroughly impeached with available evidence, he was not a key witness, and any alleged errors with his testimony were immaterial in light of other "overwhelmingly strong" eyewitness identification testimony and inculpatory notes passed between Gordon and his brothers, which jail personnel intercepted.

We consider Gordon's appeal under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which requires that we "deny habeas relief unless [Gordon] shows that the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'was based on an unreasonable

2

determination of the facts in light of the evidence presented in the State court proceeding.'" *Merolillo v. Yates*, 663 F.3d 444, 453 (9th Cir. 2011) (quoting 28 U.S.C. § 2254(d)(1)–(2)).  Gordon has not satisfied either prong.  *See* 28 U.S.C. § 2254(d)(1).

The Court of Appeal reasonably determined that no error occurred under *Brady v. Maryland*, 373 U.S. 83 (1963), because the undisclosed impeachment evidence both individually and cumulatively did not undermine the court's confidence in the outcome of the trial.  *See Barker v. Fleming*, 423 F.3d 1085, 1096, 1100–01 (9th Cir. 2005); *cf. Giglio v. United States*, 405 U.S. 150, 154–55 (1972) (holding that withheld impeachment evidence was material because the prosecution's case depended heavily on that witness' testimony).  Second, the state court reasonably determined that relief should not be granted under *Napue v. Illinois*, 360 U.S. 264 (1959), because any alleged falsehoods in Mikles's testimony were not reasonably likely to affect the judgment of the jury.  *See Giglio*, 405 U.S. at 154 (citing *Napue*, 360 U.S. at 271).  He was not the "make-or-break witness" for the state.  *See Maxwell v. Roe*, 628 F.3d 486, 507–08 (9th Cir. 2010) (internal quotation marks omitted).

Gordon has also failed to demonstrate that the Court of Appeal made an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2).[1] The record supports the state court's findings that Mikles was not a key witness, that he was extensively impeached about his history of testifying in return for consideration, and that other evidence established Gordon's guilt. Gordon provides no clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1).

Finally, Gordon has not shown that even if the alleged *Brady* and *Napue* violations do not warrant relief separately, the cumulative effect of the errors rendered the trial unfair. *See Jackson v. Brown*, 513 F.3d 1057, 1085 (9th Cir. 2008).

**AFFIRMED.**

---

[1] In light of our determination that Gordon's claim under § 2254(d)(2) lacks merit, we do not address the state's argument that he forfeited this claim by failing to file it as an objection to the Magistrate Judge's findings and recommendations.